M. M. PENDELTON, v. H. C. LAUB AND BERNARD GOTO, Appellants.

**Injunction:** PRACTICE. Pending a suit for specific performance, it was error to make an order restricting all interference with plaintiff's possession, upon an unverified motion, without the hearing of evidence and without requiring bond.

*Appeal from Monona District Court.*—HON. A. VAN WAGENEN, Judge.

TUESDAY, OCTOBER 15, 1895.

Action in equity for an accounting and for specific performance. Decree for plaintiff. Defendants appeal.—*Reversed*.

*T. B. Lutz* and *Shaw & Kuehnle* for appellants.

No appearance for appellee.

Kinne, J.—I. Plaintiff alleges: That prior to 1890 he was the owner of certain land which was incumbered. That he conveyed the same to the defendant Laub, under a partnership agreement,

whereby the land was to be sold, and the profits, after discharging the incumbrances, to be divided equally between plaintiff and said Laub. That on October 12, 1891, a portion of the land having then been sold, a partial settlement was had between them, when it was found that there was one thousand six hundred dollars due the plaintiff from said profits. It was then agreed that plaintiff should purchase from said partnership a portion of said land which remained unsold for the sum of four thousand dollars, and should have credited thereon said one thousand six hundred dollars. In pursuance of said agreement, the parties entered into their written contract. That Laub pretended to cancel the contract. Plaintiff avers a readiness to perform all of its conditions, and that defendant is insolvent. Afterward defendant Gotto intervened in said cause, and averred that he, on October 6, 1893, had purchased of said Laub the land in controversy; that said Laub was in possession when he made said purchase; and that intervener had no knowledge or information that plaintiff had any right to the land; that plaintiff is insolvent. Thereafter Laub answered plaintiff's petition, admitting the execution of the contract, denying insolvency, and averring that plaintiff had wholly failed to comply with the terms of said contract, but, in violation of it, had failed to pay the sums due thereon, and had wholly failed to pay the taxes, and that because of said defaults defendant had canceled said contract, and notified plaintiff thereof. March 15, 1894, plaintiff filed what is called a "motion for a restraining order," in which it is averred that plaintiff is in possession of the land in controversy, and has been ever since the execution of the contract heretofore mentioned; that defendant, by his agents, and intervener, by his agents, have attempted to obtain possession of

said land by force, and have threatened to take possession, and to interfere with plaintiff's possession of the same, and prevent him from leasing the same for the year 1894; that, if plaintiff is prevented from renting said premises, he will suffer great loss. He asks for an order restraining defendant and intervener from interfering or molesting plaintiff or his lessees in the possession or occupancy of said land until the determination of the suit. Defendant and intervener filed objections to the granting of said order, on the ground that it was a proceeding unknown to the law; that no sufficient showing was made therefor; that the application was not under oath; that it does not entitle plaintiff to any relief. They further averred that great and irreparable loss would ensue to them if such an order was made; that plaintiff was insolvent. Thereafter the court entered an order that plaintiff rent the land for 1894, and that he have the right to use two hundred dollars of the rent for his support, and the balance to be deposited with the clerk of the court, subject to the final judgment, and ordered that defendants be restrained from interfering with plaintiff or his renters "in relation to acts under this order." Defendant and intervener excepted. This order was made without a trial or hearing or the introduction of any evidence. It was in the nature of an injunction. It was not asked for in the petition, nor did that contain any allegations touching the possession of the land in controversy. The injunction, for such in effect it was, was granted upon a showing made in a motion which was not verified, and without requiring a bond to be filed. As plaintiff does not appear in this court, we shall reverse this case, because, as we have said, the order was in the nature of an injunction, granted without a sworn petition being filed, and without requiring the filing of a bond. Code, sections 3388-3395.—*Reversed.*